BRIAN MIDDLEBROOK
PARTNER
BMIDDLEBROOK@GRSM.COM

CHRISTOPHER C. SONG
ASSOCIATE
CSONG@GRSM.COM



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

February 18, 2021

**VIA ECF:**
Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

> Re:   *SW Public Relations LLC v. Urgentrn LLC*
>        **Case No. 1:20-cv-06283-NRB**
>        **Letter Requesting Pre-Motion Conference**

Dear Judge Buchwald,

We represent Defendant Urgentrn LLC in the above-referenced matter.  Pursuant to your Honor's rules, please accept this letter as our request for a conference, during which Defendant wishes to fully brief the Court in support of its request for leave to file a pre-Answer motion to dismiss.  Defendant respectfully submits that this matter must be dismissed due to (1) improper venue, as the parties contractually agreed that disputes between them would be brought before New York State Court, not Federal Court; (2) improper service of process on Defendant; and (3) failure of Plaintiff to properly plead its four causes of action.

## PERTINENT ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff filed the Summons and Complaint with this honorable Court on August 10, 2020.  With the consent of all parties and pursuant to your Honor's Orders, the deadline to respond to Plaintiff's Complaint was extended to February 19, 2021.

In the Complaint, Plaintiff set forth causes of action for breach of contract, unjust enrichment, quantum meruit, and account stated.  Plaintiff alleges that on or about April 1, 2020, Plaintiff, a limited liability company organized under and with a principal place of business in New York, entered into an agreement with Defendant, a limited liability company organized under and with a principal place of business in Puerto Rico, for Plaintiff to provide public relations services for Defendant in exchange for financial compensation.  It is alleged that on June 8, 2020, Defendant defaulted by failing to remit payment pursuant to the terms of the Agreement.

This lawsuit must be dismissed due to the following procedural and substantive grounds.

*SW Public Relations LLC v. Urgentrn LLC*
February 18, 2021
Page 2

## IMPROPER VENUE

This lawsuit must be dismissed as Plaintiff has contractually agreed to waive its right to file a lawsuit with this Court concerning the claims in this action.  On or about April 1, 2020, the parties entered into a contract, agreeing to the following:

> This agreement shall be governed by the laws of the State of New York.  In the event that any dispute should arise under this agreement, the parties agree to waive all jurisdictional and venue objections and to have ***all*** such disputes submitted to and heard before the Court of the State of New York.  [Emphasis Added].

The term "Court of the State of New York" has consistently been held to mean a Court under the jurisdiction of New York State, and not Federal Courts situated in New York.  *2138747 Ontario, Inc. v. Samsung C & T Corp.*, 31 N.Y.3d 372, 103 N.E.3d 774 (2018), *Barr v. Crosson*, 95 N.Y.2d 164, 733 N.E.2d 217 (2000), *Higgins v. Rosenblatt*, 77 N.Y.2d 823, 567 N.E.2d 976 (1991).  The parties in this matter have clearly agreed to litigate ***all*** disputes between them before the Courts of New York State, and have thus waived their rights to raise any such disputes before the Courts of the United States.  Due to this waiver, this lawsuit must be dismissed.

## IMPROPER SERVICE

This action must also be dismissed as Plaintiff has failed to comply with FRCP Rule 4, regarding the service of process.  Pursuant to FRCP Rule 4 (which incorporates applicable state law pursuant to Rule 4(e)(1)), a limited liability company may be served by a person over 18 years old delivering a copy of the summons and complaint to its officer, managing or general agent, agent authorized by appointment or law to receive service, member, or manager.  Plaintiff filed a Proof of Service with this Court, in which the process server swore "I served the summons on (name of individual) Bernice Admasso, who is designated by law to accept service of process on behalf of (name of organization) Urgent RN LLC at Marcum LLP on (date) 8-24-20 11 AM".

However, nowhere within that Proof of Service or any other documents filed with this Court are there any indications of how Ms. Admasso was designated by law to accept service for Defendant.  We have been advised Mr. Brent Skoda, principal of the Defendant, that Ms. Admasso is a receptionist of the Mayfield Village, Ohio office of Marcum LLP, an accounting firm where his father is employed.  Ms. Admasso is not a member, manager, agent, officer, or employee of Defendant.  She is not an agent authorized by appointment or law to receive service of process for Defendant.  In summary, Ms. Admasso was not in any way authorized to accept service for Defendant and thus providing her a copy of the Summons did not effectuate service of process.

Moreover, the Proof of Service indicates that the Summons only was served on Ms. Admasso, without any accompanying Complaint. There is also no indication that the process server was over 18 years old.  Plaintiff failed to satisfy the requirements of FRCP Rule 4 regarding service of process, and thus its action must be dismissed.

*SW Public Relations LLC v. Urgentrn LLC*
February 18, 2021
Page 3

## FAILURE TO PROPERLY PLEAD CAUSES OF ACTION

In addition, all of the Plaintiff's four causes of action are improperly pled, and thus must be dismissed altogether.

*Breach of Contract:* In support of this cause of action, Plaintiff conclusorily alleges that it "substantially performed", but that Defendant defaulted on payment.  This allegation of substantial performance is nothing but a conclusory allegation, which may not be used to a breach of contract cause of action.  *Fowler v. American Lawyer Media*, 306 A.D.2d 113, 761 N.Y.S.2d 176 (1st Dep't. 2003).  Accordingly, this cause of action must be dismissed.

*Unjust Enrichment, Quantum Meruit*: Causes of action in unjust enrichment and quantum meruit must be dismissed if an express agreement concerning the claims at issue exists.  *Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.S.2d 382, 388, 516 N.E.2d 190 (1987), *Cox v. NAP Const. Co., Inc.*, 10 N.Y.3d 592, 607, 891 N.E.2d 238, 246 (2008).  As there is no dispute in this action that such an express agreement exists, these causes of actions must be dismissed.

*Account Stated*:  This action accrues when one party sent an invoice to another for a sum certain and the recipient of the invoice failed to object to it within a reasonable time period.  *Musical Electronics, Ltd., v. U.S. Electronics, Inc.*, 74 A.D.3d 691, 804 N.Y.S.2d 389 (1st Dep't. 2010).  While there are obviously issues related to the accuracy of that allegation, Plaintiff has also failed to allege the amount delineated within any invoice sent to Defendant or how much time elapsed after the invoice was received by Defendant.  As Plaintiff has not alleged the necessary elements of this cause of action, it must be dismissed.

Lastly, in all four causes of action, Plaintiff seeks accelerated damages.  Such damages are impermissible under New York law, and for this reason as well these causes of action must be denied.  *172 Van Duzer Realty Corp. v. Globe Alumni Student Assistance Ass'n., Inc.*, 24 N.Y.3d 528, 25 N.E.3d 952 (2014).

## CONCLUSION

For all the above reasons, this action must be dismissed.  Our legal discussion above has been abbreviated to comply with the three page limit for pre-motion letters set forth in your Honor's rules.  We are ready to further discuss the above arguments at the pre-motion conference or any other time convenient for the Court.  We thank the Court for its consideration.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Brian Middlebrook*

Brian E. Middlebrook, Esq.
Christopher C. Song, Esq.

CC:     All parties via ECF